Patrick J. Maloney, Esq. (PM2115)
199 Kildare Road
Garden City, New York 11530
(516) 414-5405

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                            Plaintiff<br><br>        -against-<br><br>FARA FARAMAND, UNDERWRITERS AT<br>LLOYD'S, and PATRICK J. MALONEY,<br>                            Defendants. | 08 Civ. 3210 (SAS)(RLE)<br><br>ANSWER AND CLAIM IN<br>INTERPLEADER |

--------------------------------------------------------x

      Defendant, Patrick J. Maloney, as and for his answer and claim in interpleader alleges as follows upon information and belief:

      1.     Admits that this answering defendant is the assignee of defendants, those Underwriters at Lloyd's subscribing policy no. 1438265 and so advised counsel for the plaintiff, and except as so specifically admitted, denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 1 of the amended complaint.

      2.     Admits the allegations contained in paragraph 2 of the amended complaint.

3. Admits the allegations contained in paragraph 3 of the amended complaint.

4. Denies that the property in this action was painted by Bartolomeo Passarotti, as the property is also attributed to Mirabello Cavalori, and except as so denied, admits the allegations contained in paragraph 4 of the amended complaint.

5. Admits the allegation contained in paragraph 5 of the amended complaint.

6. Admits the allegations contained in paragraph 6 of the amended complaint.

7. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 7 of the amended complaint.

8. Admits the allegations contained in paragraph 8 of the amended complaint.

9. Admits that the answering defendant represented those Underwriters at Lloyd's subscribing policy no. 1438265 in respect of the subject claim for the recovery of the painting and except as so specifically admitted, denies the allegations contained in paragraph 9 of the amended complaint to the extent

10. Admits the allegations contained in paragraph 10 of the amended complaint.

11. Admits that those Underwriters at Lloyd's who subscribed policy of insurance no. 1438265 which covered the property paid the claim to their named insured, Marco Datrino as alleged in paragraph 11 of the amended complaint..

12. Admits the allegations contained in paragraph 12 of the amended complaint.

13. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 13 of the amended complaint.

14. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 14 of the amended complaint.

15. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 15 of the amended complaint.

16. Admits the allegations contained in paragraph 16 of the amended complaint.

17. Admits the allegations contained in paragraph 17 of the amended complaint.

18. Admits the allegations contained in paragraph 18 of the amended complaint.

19. Admits the allegations contained in paragraph 19 of the amended complaint.

20. Admits that the answering defendant has and claims an interest in the property, which interest derives from the assignment of the rights of the subrogated insurers, Underwriters at Lloyd's subscribing policy no. 1438265, and except as so specifically admitted, denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 20 of the amended complaint.

21. Denies that the plaintiff may be subject to double liability as alleged in paragraph 21 of the amended complaint, as the answering defendant's claim is superior to that of any other defendant in this action, but this answering defendant admits and consents to the propriety of the within interpleader action.

22. Admits the allegations contained in paragraph 22 of the amended complaint.

AS AND FOR A CLAIM IN INTERPLEADER

23.     On _March 16, 2004, Marco Datrino, a citizen and resident of Italy ("Datrino") purchased a painting entitled "Cristo Deriso" by the Renaissance artist Mirabello Cavalori (also attributed to Bartolomeo Passarotti).  This painting is the subject matter of this interpleader and is hereinafter referred to as "the property."

24.     On October 3, 2004 the property was displayed in Datrino's gallery located at Vai Margutta, 59, 00186 Rome, Italy.

25.     On or about the night of October 3-4, 2004, while still owned by Datrino, the property was stolen from Datrino's gallery by a person or persons not known to the answering defendant/claimant.

26.     At the time of the theft, the property was insured under a policy of insurance no. 1438265 severally subscribed by Underwriters at Lloyd's, London.

27.     Pursuant to the said policy of insurance, on or about November 13, 2006 Underwriters at Lloyd's paid Datrino 27,500 euros for the total loss of the property.

28. Upon payment of the claim, by operation of law, those certain Underwriters at Lloyd's subscribing policy no. 1438265 were subrogated to Datrino's rights in the property.

29. Pursuant to an assignment agreement dated April 15, 2008, those certain Underwriters at Lloyd's subscribing policy no. 1438265, for value received, transferred, sold, and assigned their ownership rights in the property to the answering defendant/claimant.

30. Upon information and belief, defendant Fara Faramand obtained his alleged claim to the property from the thief or a transferee of the thief.

31. A thief cannot impart good title to stolen property.

32. By virtue of the foregoing, the answering defendant/claimant's right to ownership and possession of the property is superior to that of any other claimant.

WHEREFORE, defendant/claimant Patrick J. Maloney respectfully requests that this Honorable Court grant judgment to him and to the United States as follows:

    a. Declaring that the answering defendant/claimant, Patrick J. Maloney is entitled to ownership and possession of the property;

      b. Relieving and discharging the United States, its departments, agents, offices, and employees from liability with regard to the Property;

      c. Dismissing the claim of Fara Faramand to the property;

      d. Awarding the answering defendant/claimant, Patrick J. Maloney, the costs, disbursements and attorney's fees in this action, and;

      f. Awarding any and all such other, further, or different relief as this Honorable Court may deem just and proper in the circumstances.

Dated: Garden City, New York
       May 27, 2008

                                                                                  Yours, etc.

                                                                   _____
                                                                   Patrick J. Maloney (PM 2115)
                                                                   199 Kildare Road
                                                                   Garden City, New York 11530
                                                                   (516) 414-5405

To:

Michael J. Garcia
United States Attorney for the
Southern District of New York
By: John D. Clopper, Esq.
86 Chambers Street, 3rd Floor
New York, New York 10007